## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT AUSTIN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-2050** |
| | : | |
| **GIANT FOOD STORES,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**McHUGH, J.**                                                             **JULY  17, 2020**

Plaintiff Robert Austin has filed a civil action asserting claims of employment discrimination against Giant Food Stores and Wegmans.  Austin seeks leave to proceed *in forma pauperis* (ECF No. 1), and he has filed a Request for Appointment of Attorney (ECF No. 3). For the following reasons, the Court will grant Mr. Austin leave to proceed *in forma pauperis*, dismiss his Complaint with leave to amend, and deny his request for appointment of an attorney at this time.

### I.    FACTUAL ALLEGATIONS

Mr. Austin used this Court's form complaint for filing an employment discrimination suit to initiate this action.  Austin asserts that he is pursuing claims pursuant to the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12112-12117.  (ECF No. 2 at 1.)[1]  In his Complaint, Austin names Giant Food Stores as a Defendant.  (*Id.* at 2.)  Although not specifically listed in the caption of his Complaint, Austin also identifies Wegmans as an employer at which he "sought employment or was employed."  (*Id.*)   By checking the

---

[1]  The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

appropriate locations on the form, Austin asserts that the following discriminatory conduct occurred: failure to hire him, failure to reasonably accommodate his disability, failure to stop harassment, and retaliation.  (*Id.* at 2-3.)  Mr. Austin avers that the discriminatory conduct began on January 2, 2019 and is still being committed against him.  (*Id.* at 3.)  Rather than set forth specific factual allegations regarding the events giving rise to his claims on the form Complaint, Austin simply directs the Court to "see attached."  (*Id.*)  The next 66 pages are a collection of various materials relating to Austin's claims.  Unfortunately, Austin does not include any additional facts in the Complaint to aid the Court's understanding of the events in this case.

It is challenging for the Court to process a Complaint based almost exclusively on voluminous attached documents and exhibits, rather than simple, precise, and direct allegations in numbered paragraphs as contemplated by the Federal Rules of Civil Procedure.  However, the Court has reviewed these documents in an attempt to understand the events that give rise to Austin's potential claims.  From a review of these documents, it appears to the Court that Austin filed a Charge of Discrimination ("COD") with the EEOC accusing Giant Food Stores of discriminating against him on the basis of his disability.[2]  Documents attached to the Complaint indicate the following potential conduct: a reduction in work hours (*id.* at 40, 43, 45), a requirement that Austin perform extra work by himself (*id.* at 9-10, 39-40), and a denial of a pay increase that had been promised by the store manager (*id.* at 44).  It further appears from the attachments that Austin may have requested reasonable accommodations from his manager,

---

[2]  Although Austin does not specify the nature of his disability in the Charge of Discrimination filed with the EEOC, a review of the attachments submitted by Austin suggest that the nature of his disability relates to a mental illness, namely schizophrenia, for which he receives treatment from a therapist and psychiatrist.  (ECF No. 2 at 35-37, 43, 67.)

Mertle.  (*Id.* at 43, 44.)  However, Austin does not identify what accommodations were requested.

The COD filed with the EEOC include the following particulars:

> [Austin] was hired in February 2018, and work[s] in Produce from around 5pm to closing.  On or about December 28, 2018, [Austin] was loading boxes.  [Austin] turned to [his] fellow coworkers, Elizabeth LNU, Christine LNU and Jessica LNU, Manager, and said that there was no more room for boxes.  Elizabeth replied "well, just spit on it."  [Austin] was so upset that [he] walked away.  As [Austin] was walking away, Jessica said "don't let this bother you."  From that point on, [his] coworkers would not speak to [him].  [Austin] was then subjected to the following retaliatory treatment: extra work was left for [him] during [his] shift and once Joe Mertle, Manager, tried to give [him] extra work hours, which would impact upon [his] social security.  This occurred for one week, then [his] schedule returned to normal hours.  In early April 2019, [Austin] went to Troy Miller, HR, and complained about [his] belief that [he was] being harassed.  He told [Austin] that he will investigate the matter.  On or about April 22, 2019, [Austin] contacted Troy and asked him how the investigation was proceeding.  He said it was over and he could not substantiate [Austin's] claims.  A few days later [Austin] found a knife in the trash ([Austin has] to take [out] the trash as part of [his] duties.)  [Austin] believe[s] it was placed there deliberately.  [Austin] complained to Troy and he explained to [him] that it could have been accidental.  Then on May 25, 2019, [Austin's] birthday, [Austin] found a knife in the sink.  [Austin] believe[s] this too was an act of retaliation against [him].
>
> [Austin believes he is] being harassed because coworkers know of [his] disability and [he] continue[s] to be harassed in the form of retaliation, for complaining of harassment, in violation of the Americans with Disabilities Act.

(*Id.* at 9-10.)

Attached to the Complaint is a letter dated September 27, 2019 from Austin to David Cha, an investigator with the EEOC.  (*Id.* at 35.)  The letter restates some of the information noted in the above COD, but also includes the following allegations:

> The whole month of January [2019] no one talked to me. . .. I was treated very badly.  Mike (grocery manager) would see me coming and Mike turned his back to me. . ..  The whole time working at Giant . . . I was

> telling my Therapist and Psychiatrist all about how I was being treated
> they documented it for the past 19 months.  Giant doesn't think I am
> disabled. . ..  I told Giant that I was disabled when I first started, I gave
> Giant a letter from my Psychiatrist telling them what Med's [sic] I was on
> and a letter from my Psychiatrist wrote what Med's [sic] I am taking will
> make me work slow. . ..  One week Joe Mertle gave me 34 to 38 hours so I
> would quit because Giant and Joe Mertle knew I was on SSDI. . . .

(*Id.* at 35-37.)

An email from Austin to Cha dated December 31, 2019 indicates that Austin felt as
though he was being abused at Giant.  (*Id.* at 39.)  Austin noted that he was the only person
working in the produce department at night, when there are normally two persons assigned.  (*Id.*)
He complained that Giant was "leaving so much work for [him] to do."  (*Id.*)  An email from
Austin to Cha dated January 21, 2020 indicates that Giant was cutting Austin's hours, and when
he was assigned to work, he was working on his own with increased workload.  (*Id.* at 40.)

It also appears from an attachment to the Complaint that Austin sent text messages to Joe
Mertle at Giant in March 2020.  (*Id.* at 42-43.)  In the first text message, Austin appears to be
complaining about a fellow employee, indicating that the fellow employee is not working, which
allegedly causes Austin to have to perform more work, and work later than usual.  (*Id.* at 42.)  In
a separate text message to Mertle, Austin states as follows:

> Hello Joe Mertel.  This is Robert Austin as you are fully aware that I have
> a mental illness and you have me working by myself for over a year give
> or take.  There should be two people on every night.  As a person with a
> mental illness as a employer must give me reasonable accommodations by
> law.  I am asking for Giant food stores for reasonable accommodations.
> Joe, you and I work on Sundays and you leave before me, However I close
> with Jessica Schott here and there and Jessica leaves before I do.  I care
> about my job that is why I leave sometimes I clock out between 9pm and
> 12am.  I believe that I am being retaliated against since I reported
> Elizabeth Fain a known drug user Elizabeth Fain who was terminated a
> late October or early November of 2019 for over dosing at work As a
> person with a disability I have the right to ask for reasonable
> accommodations.  Then Joe you cut my hours this week due to the text I
> sent you last Saturday March 21 2020.

4

(*Id.* at 43.) (mistakes in original).

It further appears from the attachments to the Complaint that Mr. Austin may have submitted a violation notice through EthicsPoint against Giant on April 17, 2020.[3]  (*Id.* at 44-46.) Austin alleged unfair treatment, stating that he was not receiving an increase in pay as promised. (*Id.* at 44.)  According to the report, on April 16, Austin was called into the office by Frank Sabo (assistant store manager) and Cristina Beeman (manager) to find out why he was upset.  (*Id.*) Austin indicated that he was upset because he hadn't received the pay increase that was promised to him by Bob Zimmerman (store manager) and Austin expressed that he had been requesting accommodation for his disability which had not been provided to him.  (*Id.*)  On April 17, Austin was called into Zimmerman's office, but refused to answer questions "because he [was] tired of this situation" and was "using his right to remain" silent.  (*Id.*)  Austin was sent home by Zimmerman for insubordination and was written up for the incident.  (*Id.*)

According to Austin's Application to Proceed *In Forma Pauperis*, Austin was fired from his job at Giant on April 19, 2020.  (ECF. No. 1 at 8.)

The only information concerning Wegmans is an email attachment to the Complaint dated March 11, 2019 with the subject, "Wegmans candidate update."  (ECF No. 2 at 12.)  It appears from the email that Austin may have applied for a part time position with the produce department.  (*Id.*)  The email, which is addressed to robertaustin716@gmail.com, indicates as follows:

---

[3] An attachment to the Complaint indicates that if an employee of Giant is aware of any potential or actual misconduct, that employee's concerns can be reported to a variety of resources, including visiting giantmartins.ethicspoint.com.  (*Id.* at 64.)

Dear Robert

Re: Produce Part Time

Thank you for your interest in Wegmans Food Markets, Inc.  At this time, your application for this position was not selected for further consideration.  We invite you to continue to review employment opportunities by visiting our website at www.jobs.Wegmans.com.

Sincerely,
The Wegmans Staffing Team

(*Id.*)  The email printout contains an handwritten notation which indicates that "I [presumably Austin] applied for this job on March 7, 2019 [and] on March 8, 2019 I get a call from the Hiring Manager of Wegmans[.]  I thought the call went well[.]  Monday March 11, 2019 I get this email[.]"  (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Austin leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.*  As Austin is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011).

### III.    DISCUSSION

It is difficult for the Court to fulfill its statutory obligation to screen Mr. Austin's Complaint pursuant to § 1915(e)(2)(B) because he  has not complied with Federal Rule of Civil Procedure 8.  As the Third Circuit recently explained, at its core, Rule 8 fundamentally "requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, at 83 (2007)).  "Rule 8 imposes 'minimal burdens on the plaintiff at the pleading stage.'" *Garrett*, 938 F.3d at 92 (citing *Frazier v. Se. Pa. Transp. Auth.*, 785 F.2d 65, 67 (3d Cir. 1986)).  For example, "[u]nder Rule 8(a)(2), a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Garrett*, 938 F.3d at 92 (citing Fed. R. Civ. P. 8(a)(2)).  Rule 8(d)(1) further requires "that [e]ach allegation must be simple, concise, and direct.'" *Garrett*, 938 F.3d at 92 (citing Fed. R. Civ. P. 8(d)(1)).  Although a pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue[,]" *see id.* at 93-94, the important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.  Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017)) (quotations omitted).

In the absence of simple, concise, and direct allegations that, in combination, create a short and plain statement showing that the plaintiff is entitled to relief, courts are inclined to dismiss a pleading with leave to amend especially where the pleading merely refers the court to a

series of exhibits or attached documents. *See, e.g.*, *Jacoby v. City of Madison*, Civ. A. No. 09-321, 2009 WL 1615527, at *1-2 (W.D. Wis. June 9, 2009) (holding that "plaintiff's complaint cannot be a reference to attached documents[,]" which violates Rule 8, and dismissing with leave to amend where the complaint contained only a "single statement" instructing the court to "'[l]ook through all these papers and ask why . . . [I] wasn't con[s]idered for . . . this . . . position I feel I was qualif[i]ed for.'"); *Broughton v. City of Jacksonville*, Civ. A. No. 06-234, 2006 WL 8439288, at *1-2 (M.D. Fla. Apr. 10, 2006) (concluding that the court was unable to screen *pro se* plaintiff's claims pursuant to § 1915(e)(2) where he filed a document with only a single sentence requesting counsel and then attached various exhibits because "[t]he filing of this set of documents fails to comply with Rule 8(a)" but granting leave to amend to cure the pleading deficiency); *cf. DiGenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (per curiam) (affirming district court's dismissal of plaintiff's amended complaint and finding that "[t]he documents that DiGenova submitted as his amended complaint do not contain a 'short and plain statement' of any claim, Fed. R. Civ. P. 8(a)(2), and DiGenova's allegations are not 'simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1)."); *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam) ("[Plaintiff's] voluminous exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a).").

In this instance, Austin's Complaint fails to meet the minimal burdens imposed by Rule 8 because, rather than setting forth a short and plain statement of the claim showing he is entitled to relief, Austin simply instructs the Court to "see attached." (ECF No. 2 at 3.) Referring the Court to a lengthy series of attached documents and imposing the burden upon the Court (and Defendants) to sift through the documents and speculate as to the specific claims Austin seeks to

bring in this case falls far short of setting forth allegations that are simple, concise, and direct as required by Rule 8(d)(1).  Here, the Court understands the Complaint to be based on the charge that Austin filed with the EEOC against Giant Food Stores, but the Complaint itself merely cobbles together numerous documents which pertain to Giant Food Stores and Wegmans, making it difficult for the Defendants to meaningfully respond to his pleading and for the Court to properly screen his Complaint in accordance with § 1915(e)(2)(B).

Mr. Austin will be given an opportunity to file an amended complaint within thirty days that sets forth factual averments in numbered paragraphs to which the Defendants can respond as envisioned by the Federal Rules of Civil Procedure.  Austin may use the Court's form complaint for filing an employment discrimination case if he chooses to do so and may attach as many additional pages as necessary to articulate his claims and numbered allegations.  He should not rely exclusively on attached exhibits to state the basis for his claims, and in fact, he need not file any supporting documentation with his amended complaint.  *See Young v. Demehick*, 363 F. App'x 156, 158 (3d Cir. 2010) (per curiam) ("The District Court correctly stated that Young's submission of a multitude of documents in support of his complaint did not comply with its order to file an amended complaint").

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Mr. Austin leave to proceed *in forma pauperis* and dismiss his Complaint.  This dismissal will be without prejudice to Austin's right to file an amended complaint in the event he can cure the defects noted above.  Austin's Request for Appointment of Attorney will be denied without prejudice at this time.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate,

the Court should first determine whether plaintiff's lawsuit has a legal basis).  An appropriate

Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
_____
**GERALD A. MCHUGH, J.**