IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT AUSTIN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-2050** |
| | : | |
| **GIANT FOOD STORES,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

This 17th day of July, 2020, upon consideration of Plaintiff Robert Austin's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Complaint (ECF No. 2), and Request for Appointment of Attorney (ECF No. 3), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons set forth in the Court's Memorandum.

4. Austin is given leave to file an amended complaint within thirty (30) days of the date of this Order in the event that he can cure the defects noted in the Court's Memorandum by stating plausible claims within the Court's jurisdiction. Any amended complaint shall be a complete document that identifies all of the defendants in the caption in addition to the body and shall describe in detail the basis for Austin's claims against each defendant in simple, precise, and direct allegations set forth in numbered paragraphs. The amended complaint must include all the claims that Austin seeks to pursue without relying on, or referring to, his initial Complaint and the attached exhibits. His amended complaint may not rely exclusively on attached

documents in order to state a claim.  Upon the filing of an amended complaint, the Clerk of Court shall not make service until so **ORDERED** by the Court.

5. Austin may use the Court's standard form complaint to be used by a self-represented litigant filing an employment discrimination case to file his amended complaint if he chooses to do so.  This form is available on the Court's website, http://www.paed.uscourts.gov/documents/forms/frmcempf.pdf.  Austin is reminded to write the civil action number for this case on his amended complaint before submitting it to the Court.

6. If Austin does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7.       If Austin fails to file any response to this Order, the Court will conclude that Austin intends to stand on his Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

8.       Austin's Request for Appointment of Attorney (ECF No. 3) is **DENIED WITHOUT PREJUDICE** at this time.

9.       Austin is encouraged to check the Court's website for developments regarding the Court's response to COVID-19 (coronavirus), available here, http://www.paed.uscourts.gov/response-to-covid-19.  The website contains information about filing and accessibility of the Courthouse while COVID-19 measures are in place.

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

10. Austin's request for access to ECF, docketed at ECF 6, is **GRANTED.**

The Clerk is requested to serve this Order and accompanying Memorandum electronically at RobertAustin716@gmail.com.

                         **BY THE COURT:**

                         /s/ Gerald Austin McHugh

                         **GERALD A. MCHUGH, J.**