**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT AUSTIN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-2050** |
| | : | |
| **GIANT FOOD STORES,** *et al.*, | : | |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**McHUGH, J.**                                                           **AUGUST 21, 2020**

In a prior Memorandum and Order, the Court granted leave to *pro se* Plaintiff Robert Austin to proceed *in forma pauperis* and dismissed his Complaint without prejudice.  The Court found that Mr. Austin's allegations did not satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that dismissal was therefore warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).  (ECF Nos. 9-10.)  The Court permitted Austin to file an amended complaint. (*Id.*)  Austin has since filed his Amended Complaint.  (ECF No. 11.)  For the following reasons, the Amended Complaint will be dismissed without prejudice for failure to comply with Rule 8.

As with his original Complaint, Mr. Austin's Amended Complaint fails to meet the minimal burdens imposed by Rule 8 because, rather than setting forth a short and plain statement of the claim showing he is entitled to relief, Austin has compiled what appears to be numerous exhibits, and approximately 166 photographs with handwritten notations, and labeled these documents as his Amended Complaint.  (ECF No. 11 at 1-15 and 25-215.)  In the middle of the exhibits and photographs, there is a six-page, single-spaced narrative dated August 4, 2020 concerning events that presumably occurred at Giant.  (*Id.* at 15-20.)  There is no mention of Wegmans in the narrative.

Austin's Amended Complaint is lengthy, muddled and confusing, and it fails to specify which facts support each of his claims.  The Amended Complaint is not short or plain, and it is difficult to read.  Austin's claims are not well pled, and his Amended Complaint contains a great amount of extraneous, irrelevant information, thereby complicating this Court's ability to decipher his claims.  The Amended Complaint would be easier to understand if Austin would just set forth in simple and plain terms what each defendant allegedly did to violate his rights.

Referring the Court to a lengthy series of attached documents and imposing the burden upon the Court (and Defendants) to sift through the documents and speculate as to the specific claims Austin seeks to bring in this case falls far short of setting forth allegations that are simple, concise, and direct as required by Rule 8(d)(1).  Here, although it is far from clear, the Court understands the Amended Complaint to be based on a charge that Austin filed with the EEOC against Giant Food Stores, but the Amended Complaint itself merely cobbles together numerous documents and photographs which pertain to Giant Food Stores, making it difficult for the Defendants to meaningfully respond to his pleading and for the Court to properly screen his Amended Complaint in accordance with § 1915(e)(2)(B).

Regrettably, Mr. Austin's Amended Complaint falls woefully short of the clear and concise explanation of his claims that the Court asked him to provide in its earlier Memorandum and Order.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007).  "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules."  *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (citing *In re: Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted)).  Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants

2

having to guess what of the many things discussed constituted [a cause of action];" *Binsack*, 438 F. App'x at 160, or when the complaint is so "rambling and unclear" as to defy response. *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011). The allegations in Austin's Amended Complaint are conclusory and include a great deal of extraneous material such as his own personal opinions about the Defendants' alleged motivations. Indeed, the new pleading is so confused, ambiguous, and otherwise unintelligible that no Defendant could possibly understand why they are being sued to prepare their defense, and the Court cannot fulfill its function under § 1915(e) of determining whether Austin has stated plausible claims.

Moreover, Rule 10 of the Federal Rules of Civil Procedure sets forth the requirements of form in pleadings. In particular, Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." F. R. Civ. P. 10(b). The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief. *Spence v. Schafer*, Civ. A. No. 13-16, 2013 WL 1364025, at *4 (W.D. Pa. Mar. 7, 2013); *Young v. Centerville Clinic, Inc.*, Civ. A. No. 09-325, 2009 WL 4722820, at *2-3 (W.D. Pa. Dec. 2, 2009). Despite this requirement, the narrative section in the Amended Complaint is not broken down into numbered sections and contains several paragraphs and full pages of text describing a wide range of allegations. (ECF No. 11 at 15-20.) The combining of factual and legal allegations into this narrative section makes Austin's claims arduous to discern, rendering it difficult for the Court to decipher his claims, and nearly impossible for Defendants to meaningfully respond.

The litany of allegations in Austin's Amended Complaint is "so excessively voluminous and unfocused as to be unintelligible." *Binsack*, 438 F. App'x at 160. Nonetheless, the Court will grant him leave to file a second amend complaint. Austin is cautioned that should he choose

to file a second amended complaint it must contain allegations that are "simple, concise, and direct," F. R. Civ. P. 8(d)(1), such that it will permit defendants to "meaningfully answer or plead to it" and not be "left . . . having to guess what of the many things discussed" constitute any alleged violations of Austin's legal rights. *Binsack*, 438 F. App'x at 160.  He must make clear which claims are being asserted specifically against which defendants and the specific factual basis for each claim against each defendant, as well as the specific relief being sought and the grounds for that relief.  The allegations should also be specific as to time and place.  The Court reminds Mr. Austin that "conclusory or 'bare-bones' allegations will [not] survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'  To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, any second amended complaint must be complete in all respects.  It must be a new pleading that stands by itself as an adequate complaint without reference to previous versions of Austin's complaint.  Any cause of action alleged in the prior complaints but not alleged in a second amended complaint will be deemed waived.

Mr. Austin's Amended Complaint will be dismissed for failure to comply with Rule 8. The Court will grant Austin an opportunity to file a second amended complaint so that he may clarify the basis for his claims in a simple, concise, and direct manner.  If Austin wishes to proceed with the case, any new pleading must follow the following guidelines:

(1) the new pleading must be entitled a "Second Amended Complaint" and use the Civil Action Number 20-2050;

(2) the new pleading must contain a caption listing each Defendant, identifying the Defendant by name;

4

(3) the new pleading must be in a numbered paragraph format with each paragraph setting forth one complete allegation against one named Defendant;

(4) once an allegation is completely set forth in one numbered paragraph, it must not be repeated in subsequent paragraphs, other than by making reference to it;

(5) for each named Defendant, Austin must describe how that Defendant acted personally to harm him;

(6) the new pleading must not contain any extraneous material, including but not limited to copies of text messages, photographs, and post-it note explanations;

(7) the new pleading must not refer collectively to the Defendants, but must specifically state which named Defendant undertook what actions;

(8) the new pleading must contain a concise and plain statement of the claim showing that Austin is entitled to relief against each named Defendant; and

(9) the new pleading must contain a demand for the relief sought against each named Defendant.

For the foregoing reasons, the Court will dismiss Austin's Amended Complaint without prejudice.  Mr. Austin is granted leave to file a second amended complaint in the event he can articulate a legitimate basis for a claim against an appropriate defendant.  An appropriate Order follows.

**BY THE COURT:**


**/s/Gerald Austin McHugh**
**United States District Judge**

5