IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT AUSTIN,                           : | |
|     Plaintiff,       : | |
|                                     : | |
| v.                                       : | CIVIL ACTION NO. 20-CV-2050 |
|                                     : | |
| GIANT FOOD STORES, *et al.*,             : | |
|     Defendants.      : | |

**MEMORANDUM**

**McHUGH, J.**                                                                                               **DECEMBER 18, 2020**

In prior Memoranda and Orders, the Court granted leave to *pro se* Plaintiff Robert Austin to proceed *in forma pauperis* and dismissed his Complaint, Amended Complaint, and Second Amended Complaint without prejudice. In each of these instances, the Court found that Austin's allegations did not satisfy the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure and that dismissal was warranted under 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF Nos. 9-10, 13-14, and 17.) In each of these instances, the Court permitted Austin to file amended complaints. (*Id.*) Austin has since filed his Third Amended Complaint. (ECF No. 18.) For the following reasons, the Court will dismiss Austin's Third Amended Complaint without prejudice to him filing a fourth amended complaint should he choose to do so.

**I.      FACTUAL ALLEGATIONS**

In filing his Third Amended Complaint ("TAC"), Mr. Austin used, at least in part, this Court's form complaint for filing an employment discrimination suit. (ECF No. 18 at 11-14, 17-18.)[1] Austin asserts that he is pursuing claims pursuant to Title VII of the Civil Rights Act of

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

1

1964, 42 U.S.C. §§ 2000e to 2000e-17.  (*Id.* at 11.)  In his TAC, Austin names Giant Food Stores as a Defendant.  (*Id.*)  It appears from documents attached to the TAC that Austin also intends to sue Wegmans as an employer at which he "sought employment."  (*Id.* at 1, 13.)   By checking the appropriate locations on the form, Austin asserts that the following discriminatory conduct occurred: failure to hire him, failure to stop harassment, and retaliation.  (*Id.* at 13-14.)  Austin avers that the discriminatory conduct began on January 1, 2019.  (*Id.* at 14.)  Mr. Austin has attached an eight-page document to his TAC which appears to set forth a chronological version of events commencing in late December 2018 and continuing through April 2020 as the factual basis for his claims.  (*Id.* at 1-9.)

Mr. Austin makes the following assertions in his chronological version of events:

- On December 28 or 29, 2018, Austin had a load of boxes on a frame and the bailer was so full he was unable to bail the boxes.  (*Id.* at 1.)  When he relayed this information to one of his coworkers (Jessica Schott), another coworker (Elizabeth Fain) told him to "just spit on it."  (*Id.*)  This comment upset Austin.

- No one spoke to Austin during the entire month of January 2019.  (*Id.*)  Austin avers that he received a lot of "extra work" during this time, which he performed.  (*Id.*)  Austin alleges that at one point, a fellow employee (Mike Gehman) turned his back on him, and he felt "discriminated against."  (*Id.*)

- On March 7, 2019, Austin applied online for a position in the produce department at Wegmans.  (*Id.* at 2.)  He received a call from the Wegmans recruitment team on March 8, 2019 and thought that the phone interview went well.  (*Id.*)  However, on March 11, 2019, Austin received an email from the recruitment team advising him that he was no longer being considered for the job.  (*Id.*)  Austin believes that Giant gave Wegmans a bad reference and asserts that "Wegmans discriminated by not hiring" him.  (*Id.*)

- On April 4, 2019, Austin filed his first complaint to "Speak Up" against Giant, Fain, Kristina Heebner (non-perishable manager), and Joseph Mertle (produce manager).  (*Id.*)  Austin told "Speak Up" about the comment made by Fain and the extra work and hours left for him by Mertle.  (*Id.*)  Austin alleges that he told Mertle that he "could not work all the extra hours" because he was on Social Security, but Mertle responded by telling him that he was "going to

work the hours" assigned or "there is the door." (*Id.*) Austin avers that he worked extra hours for over a year. (*Id.*)

- On April 22, 2019, Austin discovered an 18-inch watermelon blade in a trash bag as he was bagging up the trash. (*Id.* at 3.) Austin was concerned that if he wasn't watching what he was doing, the knife would have cut him. (*Id.*) Austin reported this incident to the assistant store manager (Frank Sabo), telling Sabo that "an employee tried to" harm him. (*Id.*) Sabo questioned whether it was a mistake and never asked Austin if he had been injured. (*Id.*) This claim of potential injury was determined to be "unfounded" by Troy Miller (human resources). (*Id.* at 3, 10.)

- Robert Zimmerman (store manager) avoided Austin for two days in June 2019. (*Id.* at 3.) On June 11, 2019, Austin filed his second complaint to "Speak Up" against Giant, Zimmerman, and Mertle. (*Id.*) Austin complained about all of the extra work he was receiving and stated that Zimmerman and Mertle were "discriminating against" him. (*Id.*)

- On July 30, 2019, Austin filed a charge with the EEOC against Giant, Miller, Zimmerman, Sabo, Mertle, Gehman, Heebner, Schott, and Fain. (*Id.* at 4.)

- In late October or early November 2019, Austin started to receive extra work in produce and in the back hall. (*Id.* at 5.) Austin asserts that Gehman and Heebner would "leave the back hall blocked" so he "would have to walk around to receiving." (*Id.*) Austin claims that the "management team took out their anger" on him following the firing of Fain and gave him extra work to do. (*Id.*)

- On March 4, 2020, Austin asked Julia Lair (grocery manager) to open the trash door. (*Id.*) In response, Austin avers that Lair "put her hand in her bra cupping her boob to pull out the microphone that was connected to an earpiece and turned it on so the Managers" could hear what he was talking about. (*Id.*) Austin avers that many of his co-workers would turn on their microphones whenever he was talking to them. (*Id.*)

- Austin filed his third complaint against Giant, Mertle, and Lair on March 7, 2020. (*Id.* at 6.) Mertle cut his hours on March 8, 2020. (*Id.*)

- Austin avers that he has been treated badly "for no reason" and co-workers have turned their backs on him, and managers have walked away from him when he headed in their direction. (*Id.*)

- On April 13, 2020, Austin filed his fourth complaint to "Speak Up" against Mertle for cutting his hours on April 8, 2020. (*Id.*)

3

- On April 16, 2020, Austin was called into the office by Sabo to discuss why he did not get a pay increase which was promised by Zimmerman. (*Id.* at 7.) Austin stated he would keep his "comments to [him]self" and he walked out of the meeting. (*Id.*)

- On April 17, 2020, Zimmerman called Austin into the office and was advised that he was being "written up" for a text he sent to Mertle about another co-worker (Alex). (*Id.*) Austin was upset that he had perform Alex's work. (*Id.*) Although Austin signed the "write up," he did so under protest. (*Id.*) When he was advised by Zimmerman that he could not have a picture or a copy, Austin ripped it in half. (*Id.*)

- On April 19, 2020, Zimmerman terminated Austin over the phone. (*Id.* at 8.)

## II.  STANDARD OF REVIEW

Because the Court has previously granted Mr. Austin leave to proceed *in forma pauperis*, his Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which require the Court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

"[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted). As Austin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III.   DISCUSSION**

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability.  *See generally E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015); *see also* 42 U.S.C. § 2000e, *et seq.*; 29 U.S.C. § 621; 42 U.S.C. § 12112).  To state a claim under the federal laws prohibiting employment discrimination, a plaintiff must allege sufficient facts to raise a reasonable expectation that his membership in a protected class was "either a motivating or determinative factor in [his employer's] adverse employment action against [him]."  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (internal quotations omitted).  Title VII protects only against harassment based on discrimination against a protected class; it is not "a general civility code for the American workplace."  *See Mufti v. Aarsand & Co.*, 667 F. Supp. 2d 535, 544 (W.D. Pa. 2009) (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80-81 (1998)).  "[T]he ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing" do not support a hostile work environment claim.  *Mufti*, 667 F. Supp. 2d at 545 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes.  *See* 42 U.S.C. § 2000e-3.  A plaintiff states a retaliation claim if he "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) [he] engaged in conduct protected by [the statute]; (2) the employer took adverse action against [him]; and (3) a causal link exists between [his] protected conduct and the employer's adverse action."  *Connelly*, 809 F.3d at 789.

**A. Claims Against Wegmans**

It appears from what Austin has checked off on his TAC that he intends to pursue a failure to hire claim against Wegmans.[2] (ECF No. 18 at 1-2, 13.) However, even under a liberal reading, Austin's TAC fails to allege a plausible claim against Wegmans under the federal statutes prohibiting employment discrimination.

To establish a prima facie case of employment discrimination alleging a failure to hire, a plaintiff must show that: (1) he belongs to the protected category; (2) he applied for and was qualified for a position for which the covered employer was seeking applicants; (3) despite his qualifications, he was not hired; and (4) after his rejection, the position remained open, or was filled in a manner giving rise to an inference of discrimination. *Olson v. General Elec. Astrospace*, 101 F.3d 947, 951 (3d Cir. 1996); *see also Alja-Iz v. U.S. Virgin Islands Dep't of Educ.*, 626 Fed. App'x 44, 46 (3d Cir. 2015); *Hamilton v. Wilmac Corp.*, Civ. A. No. 18-1141, 2019 WL 6498936, at *4 (E.D. Pa. Dec. 3, 2019).

Mr. Austin provides almost no information about his claim against Wegmans, other than an assertion that he received an email from the recruitment team advising him that he was no longer being considered for a produce department job. (ECF No. 18 at 2.) There are no factual allegations in the TAC which specifically describe what happened – i.e., what specific position he applied for, how he was qualified for that position, whether the position for which he applied remained open or was filled – such that the conduct in question could plausibly be considered an

---

[2] In the form portion of his TAC, Austin names Giant Food Stores in the case caption and as a Defendant. (ECF No. 18 at 11, 13.) Although not specifically listed in the caption of the form complaint, Austin identifies Wegmans both on page one of his chronological version of events as well as an employer at which he "sought employment or was employed." (*Id. at* 1, 13.) Austin also asserts a "failure to hire me" claim. (*Id.* at 13.) Accordingly, liberally construing the TAC, it appears that Austin may be asserting a failure to hire claim against Wegmans.

unlawful refusal to hire. *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (per curiam) (affirming dismissal of complaint where plaintiff failed to provide "details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to"). However, the Court will give Austin leave to file a fourth amended complaint in the event he can plead additional facts to state a plausible claim for relief against Wegmans. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Additionally, a plaintiff pursuing an employment discrimination claim in federal court must first exhaust administrative remedies before filing a lawsuit in federal court. *See generally Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013) ("'It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief.'") (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)); *Robinson*, 107 F.3d at 1020-21 (explaining exhaustion requirements for federal employees claiming employment discrimination). Austin does not allege that he filed a charge with the EEOC as to Wegmans, or that he received a Notice of Right to Sue Letter. Neither did he attach a copy of such a letter to his TAC. Although it appears that Austin submitted a charge with respect to Giant Food Stores, it is unclear whether Austin has done so with respect to Wegmans. In sum, it is not clear that Austin has exhausted administrative remedies as to this claim and, in any event, the claim fails because it is not adequately pled.

### B. Claims Against Giant Food Stores

Even under a liberal reading, Mr. Austin's TAC fails to allege a plausible claim under the federal statutes prohibiting employment discrimination and retaliation against Giant. Austin has not alleged any facts supporting his conclusory allegations that Giant discriminated against him. In fact, Austin has not identified his membership in a protected class, nor has he explained how he was discriminated against by Giant because of those characteristics. In other words, although Austin has described incidents that occurred at work, he does not link that treatment or any adverse action to his membership in a protected class or to unlawful retaliation. Because the TAC does not contain anything more than conclusory allegations of discrimination and retaliation, Austin has failed to state claims pursuant to Title VII at this time. *See Khalik*, 671 F.3d at 1193 ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."). However, the Court will give Austin leave to file a fourth amended complaint in the event he can plead additional facts to state a plausible claim for relief against Giant. *See Grayson*, 293 F.3d at 114.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Austin's Third Amended Complaint without prejudice to his filing a fourth amended complaint containing more information about the basis for his discrimination claims against Wegmans and Giant Food Stores. An appropriate Order follows, which provides further information regarding amendment.

                                                            **BY THE COURT:**

                                                            /s/ Gerald Austin McHugh
                                                            _____
                                                            **GERALD A. MCHUGH, J.**